Bruce Hawkins, Chairman Conway County Election Commission 211 E. Church St. Morrilton, AR 72110
Dear Mr. Hawkins:
I am writing in response to your request for my opinion on the following questions:
 1. Pursuant to the provisions of A.C.A. 7-5-310 and 7-5-523 regarding "assist[ing] the voter," in what way should the voter make known his/her need for assistance?
 2. How must the "wishes of the voter" be communicated to the person assisting?
 3. In cases where the voter is physically able to manipulate the voting machine by pressing the touch-screen, should the person/election official assisting be allowed to manipulate the machine?
RESPONSE
Question 1: Pursuant to the provisions of A.C.A. 7-5-310 and7-5-523 regarding "assist[ing] the voter," in what way should thevoter make known his/her need for assistance?
Section 7-5-310 of the Arkansas Code (Supp. 2005) provides as follows:
 (a) Each voter shall be provided the privacy to mark his or her ballot. Privacy shall be provided by each county board of election commissioners to ensure that voters desiring privacy are not singled out.
 (b)(1) A voter shall inform the election officials at the time that the voter presents himself or herself to vote that he or she is unable to mark the ballot because he or she cannot read or write or because of physical, sensory, or other disability or other legal cause.
 (2) The voter shall be directed to a voting machine equipped for use by persons with disabilities where he or she may elect to cast his or her ballot without assistance, or the voter may request assistance with either the paper ballot or the voting machine by:
(A) Two (2) election officials; or
(B) A person named by the voter.
 (3) If the voter is assisted by two (2) election officials, one (1) of the election officials shall observe the voting process and one (1) may assist the voter in marking the ballot according to the wishes of the voter without comment or interpretation.
 (4) If the voter is assisted by one (1) person named by the voter, he or she may assist the voter in marking the ballot according to the wishes of the voter without any comment or interpretation.
 (5) It shall be the duty of the election officials at the polling site to make and maintain a list of the names of all persons assisting voters.
 (c) Any voter who because of physical, sensory, or other disability who presents himself or herself for voting and who then informs an election official at the polling site that he or she is unable to stand in line for extended periods of time shall be entitled to and assisted by an election official to advance to the head of any line of voters then waiting in line to vote at the polling site.
(Emphasis added.)
Section 7-5-523 of the Code (Supp. 2005) further provides:
 (a)(1) A voter shall inform the election officials at the time that the voter presents himself or herself to vote that the voter is unable to cast his or her ballot by voting machine because the voter cannot read or write or because of physical, sensory, or other disability or other legal cause, or that he or she is unable to complete the ballot without help and needs the assistance of some other person in casting his or her ballot.
That voter may be assisted by:
(A) Two (2) election officials; or
(B) A person named by the voter.
 (2) If the voter is assisted by two (2) election officials, one (1) of the election officials shall observe the voting process and one (1) may assist the voter in operating the machine so as to vote the ballot in accordance with the wishes of the voter without comment or interpretation.
 (3) If the voter is assisted by one (1) person named by the voter, he or she may assist the voter in operating the machine so as to vote the ballot in accordance with the wishes of the voter without comment or interpretation.
 (4) The laws of this state with respect to assisting persons with disabilities in the casting of votes upon printed ballots shall govern, insofar as is practicable, the assistance of a voter in casting his or her ballot by voting machine.
 (5) It shall be the duty of the election officials at the polling site to make and maintain a list of the names of all persons assisting voters.
 (b) A voter with a disability who requests to cast his or her ballot on a voting machine without assistance shall be provided with an audio or other device that shall be used in conjunction with the voting machine so that the voter may cast a secret ballot without assistance.
 (c) Any voter who because of physical, sensory, or other disability presents himself or herself for voting by voting machine and who then informs election officials at the polling site that he or she is unable to stand in line for extended periods of time shall be entitled to be assisted by an election official to advance to the head of any line of voters then waiting in line to vote at the polling site.
(Emphasis added.) These statutes were initially enacted pursuant to Acts 1995, No. 908, §§ 1 and 2, at which time section 1 dealt exclusively with paper ballots and section 2 dealt with voting machines. The statutes in their current form significantly overlap.
As the highlighted portions of these statutes reflect, a voter should make his or her need for assistance known at the time he or she checks in to vote. Presumably such notice will normally take the form of simply telling the election official or, if the prospective voter is speech-impaired, writing the election official a note informing him or her of the disability. If neither form of communication is possible, I believe the prospective voter's representative who is present to assist the voter might inform election officials of the disability.
Question 2: How must the "wishes of the voter" be communicatedto the person assisting?
I should note at the outset that your use of the singular "person" fails to account for the possibility that the voter will be assisted by two election officials. See A.C.A. §§7-5-310(b)(2) and 7-5-523(a)(2) (providing that the voter may be assisted by two election officials or one person named by the voter).
Although neither statute directly addresses your question, I believe logic and practicality dictate that the voter will communicate his wishes either orally or in writing. If neither form of communication is possible, I believe the individual(s) assisting the voter might simply run through the candidates and/or issues presented subject to the understanding that the voter will indicate assent to the selection he or she prefers.
Question 3: In cases where the voter is physically able tomanipulate the voting machine by pressing the touch-screen,should the person/election officials assisting be allowed tomanipulate the machine?
In my opinion, the answer to this question is "yes."
Subsection 7-5-523(a) of the Code provides in pertinent part:
 (2) If the voter is assisted by two (2) election officials, one (1) of the election officials shall observe the voting process and one (1) may assist the voter in operating the machine so as to vote the ballot in accordance with the wishes of the voter without comment or interpretation.
 (3) If the voter is assisted by one (1) person named by the voter, he or she may assist the voter in operating the machine so as to vote the ballot in accordance with the wishes of the voter without comment or interpretation.
(Emphases added.) The highlighted provisions of this statute are unqualified in providing that an individual may "assist" a voter in operating the machine. In my opinion, such assistance might include manipulating on the voter's behalf in whatever manner is necessary, irrespective of whether the voter might also be able to do so. To read the statute otherwise would be to charge election workers with the impossible task of determining whether a voter might indeed be able to manipulate the machine. I believe the legislature drafted this statute on an assumption that the person(s) assisting a disabled voter by manipulating a screen would do so in accordance with the voter's instructions. Having offered this opinion, I must stress that the voter's wishes are obviously of paramount importance and must dictate the actions of any assistant in the voting process.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE
Attorney General
MB/JHD:cyh